UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SOHAIL MASOOD,

          Plaintiff,

    v.

CAPITAL CREDIT & COLLECTION SERVICE, INC.,

          Defendant.

No. CV05-490

OPINION AND ORDER

**MOSMAN, J.,**

    This matter came before the court on December 8, 2005 on plaintiff's Motion (#14) for Entry of Judgment and Determination of Attorneys' Fees Pursuant to Settlement Agreement. Plaintiff sought an award of attorneys' fees in the amount of $22,748.44. For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.

I.    BACKGROUND

    Plaintiff Sohail Masood brought this suit on April 8, 2005, alleging that defendant Capital Credit & Collection Service, Inc. ("Capital Credit") reported inaccurate information about his debts to a credit reporting agency in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Compl. at 3. Mr. Masood sought $25,000 in actual damages and $250,000 in punitive damages. Compl. at 4.

    On September 9, 2005, Capital Credit extended an offer of judgment upon which the parties reached a settlement agreement. Pursuant to the settlement, Capital Credit agreed to: (1) pay Mr. Masood $25,000; (2) pay Mr. Masood's reasonable attorneys' fees incurred in

prosecuting this litigation up to September 9, 2005; and (3) notify each of the three principal credit reporting agencies in writing to remove the previously submitted reporting against Mr. Masood, thereby removing it from his credit history. Miller Decl., Ex. A at 1. The settlement agreement requires Mr. Masood to "dismiss the lawsuit with prejudice and without costs" once Capital Credit satisfies its obligations under the agreement. *Id*. The parties could not agree regarding the calculation of "reasonable attorneys' fees," and the motion currently before this court asks me to make that determination.

II. DISCUSSION

Calculating a reasonable fee award is a two-step process. First, the court must calculate the "lodestar" by "multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In calculating the lodestar amount, the district court should take into account the factors set forth in *Kerr v. Screen Extras Guild Inc.,* 526 F.2d 67, 70 (9th Cir. 1975), that it finds relevant.[1] *McGrath*, 67 F.3d at 252. The second step in calculating a reasonable fee award is to determine whether to adjust the lodestar amount in light of "other factors that bear on the reasonableness of the fee." *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005).

---

[1] These factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *McGrath*, 67 F.3d at 252 n.4.

A. Hours Reasonably Expended

A fee applicant has the burden of "documenting the appropriate hours expended." *Hensley*, 461 U.S. at 437. To this end, the fee applicant should use sound billing judgment regarding the number of hours worked and should provide the district court with billing records supporting the time claimed. *Id.* at 433. Plaintiff seeks compensation for a total of 131.10 hours, including: (1) 121.30 hours for lead counsel Mr. Miller, which totals $20,008.00; (2) 3.20 hours for supervisory counsel Mr. Axelrod, which totals $1,236.00; (3) .10 hours for Mr. Grewe, which totals $23.50; (4) 4.0 hours for paralegal Mr. Williams, which totals $440.00; and (5) 2.50 hours for staff, which totals $187.50. Miller Decl., Ex. B at 5. The grand total for these legal fees is $21,895.00. Plaintiff's counsel contends billing judgment was exercised by lead counsel's reliance on prior analysis of the FCRA for which no reimbursement is sought, by not including the 69.95 hours attributable to the performance of legal services after the Settlement Agreement was reached in principle, and by assigning the majority of legal services to an associate with lower hourly rates who operated under the supervision of a senior attorney.

In its opposition, Capital Credit objects to the following hours plaintiff's counsel expended as excessive (1) 13.65 hours in deciding whether to bring the case under the FRCA or the Fair Debt Collection Practices Act ("FDCPA"), both of which are "fairly straightforward," (2) 16.7 hours in drafting the complaint, (3) 1.75 hours in reading and retrieving a court file and decision, (4) 3.15 hours in drafting a pretrial schedule, (5) 39.0 hours in drafting discovery that is largely boilerplate, and (6) 13.75 hours in preparing four subpoenas duces tecum.[2]

---

[2] Defendant fails to direct these six objections at particular attorneys. Because Mr. Miller is responsible for more than ninety percent of the work in this case, and because the dates of billing entries referenced by defendant correspond to Mr. Miller, the court will construe

The "most critical factor" in determining the reasonable amount of hours expended in litigation is the degree of success achieved. *Hensley*, 461 U.S. at 436. In addressing this factor, the court analyzes the relationship between the plaintiff's success and the amount of fees awarded. *Id.* at 438. Plaintiff's complaint sought $25,000 in actual damages, and plaintiff has successfully negotiated for the payment of this exact amount in settlement. In addition, defendant agreed to inform the three credit agencies of its mistaken reports regarding Mr. Masood's credit. In sum, plaintiff's counsel achieved a high degree of success on obtaining the relief sought by Mr. Masood. However, the court agrees with defendant that some of the time billed is excessive and constitutes hours that were not reasonably expended. Accordingly, I make the following reductions.

I find it was not reasonable for counsel to expend approximately 16.7 hours to draft this four page complaint that involved merely two claims for relief. Miller Decl., Ex. B at 2. Contrary to plaintiff's assertions, this case did not involve unusually complex legal issues that would justify the amount of time counsel spent in drafting this complaint. Moreover, these 16.7 hours of drafting occurred after counsel had already expended approximately 13.5 hours conducting background research on the elements constituting an FCRA violation. Together, these 30.2 hours suggest it took more than three days of work to file a four page complaint. Upon review of the record, the amount of time requested for these tasks in this case is excessive and unreasonable. Thus, I find a more reasonable number of hours to be expended on these tasks to be 12 and reduces the hours expended by 18.2.

---

defendant's objections as directed at the hours expended by Mr. Miller.

Similarly, it was not reasonable for counsel to expend approximately 67.0 hours to draft discovery requests that are, according to defendant, "largely boilerplate." Def.'s Resp. at 2. Plaintiff justifies these hours as time spent applying the legal research and analysis previously performed and coordinating this research with relevant facts and time-lines necessary to the production of an effective pleading. Pl.'s Mot. at 4. Of these 67.0 hours, it appears that in May 2005, counsel spent 18.15 hours "Draft[ing] discovery interrogatories, requests for production of documents and admissions." Miller Decl., Ex. B at 3. Then, in July and August 2005, counsel spent 32.9 drafting, revising, and completing the "First Set of Interrogatories, First Set of Requests for Production of Documents, and Admissions." Miller Decl., Ex. B at 4. Adding these two periods together, counsel spent approximately 51 hours compiling initial discovery requests. Without producing any compelling argument to justify this expenditure of time, a total of 15 hours to draft discovery requests is more reasonable considering the straightforward nature of this case. Thus, I reduce plaintiff's expenditure of time spent drafting discovery by 36 hours.

Finally, it was not reasonable for counsel to spend approximately 11 hours preparing four subpoenas duces tecum. Miller Decl., Ex. B at 5. Mr. Miller's entries for August 11, 12 and 15, 2005, describe this task as "Draft[ing] subpoenas duces tecum directed towards all three Credit Reporting Agencies." *Id*. In a similar case regarding the FDCPA, counsel's billing of 3.2 hours to draft two subpoenas was found to be excessive. *Defenbaugh v. JBC & Assoc., Inc*., 2004 WL 1874978 (N.D. Cal. 2004). Likewise, it is excessive to bill more than 11 hours for drafting three nearly identical subpoenas, a task that should have taken no more than three hours. Thus, I reduce plaintiff's expenditure of time by 8 hours. Overall, I reduce Mr. Miller's hours by 62.2, resulting in a total of 59.1 hours reasonably expended by Mr. Miller.

PAGE 5 - OPINION AND ORDER

B.   Reasonable Rate

Plaintiff asserts the fee award should be based upon the following rates: (1) David Axelrod - $350.00/hour - $390.00/hour; (2) Todd Grewe - $235.00/hour; (3) Randy Miller - $160.00/hour - $165.00/hour; (4) Alexander Williams – $110.00/hour; (5) E. Margaret Rowe - $75.00/hour; and (6) April Zook - $75.00/hour.  Defendant does not object to these rates, but this court is nevertheless required to conduct an independent review for reasonableness.  *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

In assessing a reasonable hourly rate, courts should consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).  "Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  Plaintiff offers no affidavits regarding prevailing fees in the community, rate determinations in similar cases, or the skill and experience of these particular lawyers.  Using their bar numbers as a proxy for experience, the court recognizes that Mr. Grewe's and Mr. Miller's $235/hour and $165/hour rates are within the customary hourly rates charged in Portland, Oregon, for attorneys with comparable experience.[3]  Mr. Axelrod's $390/hour rate, on the other hand, is above the 95th percentile in 2002 for attorneys with 30 or more years of experience.  In the absence of documentation that would support this high rate, I reduce Mr. Axelrod's rate to $300/hour because that number is closer to the prevailing market rate in the community for attorneys of his experience.

---

[3] *See, Oregon State Bar 2002 Economic Survey*, available at http://www.osbar.org/surveys_research/snrtoc.html (September 2002).

PAGE 6 - OPINION AND ORDER

C. Lodestar

The chart below summarizes the court's rulings on Plaintiff's fee petition.

|  | Hours sought | Reduction | Hours granted | Rate($) | Total ($) |
|---|---|---|---|---|---|
| Axelrod | 3.20 | -- | 3.20 | 300.00 | 960.00 |
| Grewe | .10 | -- | .10 | 235.00 | 23.50 |
| Miller | 120.00 | 62.2 | 57.8 | 165.00 | 9,537.00 |
| Miller | 1.30 | -- | 1.30 | 160.00 | 208.00 |
| Williams (paralegal) | 4.0 | -- | -- | 110.00 | 440.00 |
| Staff | 2.50 | -- | 2.50 | 75.00 | 187.50 |
| **LODESTAR** | | | | | **$11,356.00** |

There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). Defendant has not asserted plaintiff achieved only limited success or any other grounds upon which the lodestar should be adjusted, and thus a reduction in the lodestar is not appropriate. *See Hensley*, 461 U.S. at 436. I have also considered the additional *Kerr* factors relevant to determining a reasonable fee award, including the difficulty of the legal and factual issues of the case and counsel's inability to accept other employment, and conclude that no further adjustments to the lodestar are warranted.

In addition to fees, plaintiff seeks costs in the amount of $853.44. Defendant does not object to plaintiff's costs. However, I decline to award costs because doing so would be contrary to the Settlement Agreement reached by the parties whereby they agreed to "dismiss the lawsuit

with prejudice and *without costs*." Pl.'s Mot. at 2 (emphasis added); Miller Decl., Ex. A at 2.

III.     CONCLUSION

Plaintiff's motion (#14) for attorneys' fees is GRANTED IN PART and DENIED IN PART, and plaintiff is awarded $11,356.00 in fees.


IT IS SO ORDERED.

DATED this ____6th____ day of _____February_____, 2006.

                                        /s/ Michael W. Mosman  
                                        MICHAEL W. MOSMAN  
                                        United States District Court